UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEVERLY L. WILKES,

    Plaintiff,

        v.

DOUGLAS T. LAKE,

    Defendant.

Civil Action No. 14-cv-14071-ADB

## ORDER

BURROUGHS, D.J.

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. [Dkt. 33.] Plaintiff Beverly Wilkes ("Wilkes"), an attorney who is representing herself pro se in this action, alleges that Defendant Douglas Lake ("Lake"), her brother, failed to pay for her legal and public-relations services performed under an oral contract that was eventually reduced to a written contract. Lake disputes the existence of any valid contract, oral or written.

Lake has moved to dismiss the amended complaint [Dkt. 27] in its entirety.[1] In her amended complaint, Wilkes brings the following counts against Lake:

    Count I:      Breach of Contract

    Count II:     Breach of the Covenant of Good Faith and Fair Dealing

    Count III:    Promissory Estoppel

    Count IV:    Fraud

---

[1] The Court considered the following briefs that were filed in support of and in opposition to this motion: Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 34]; Plaintiff's Memorandum of Reasons in Opposition to Defendant's Motion to Dismiss [Dkt. 37] (with supporting exhibits [Dkt. 38]); Defendant's Reply in Support of Motion to Dismiss [Dkt. 42]; and Plaintiff's Sur-Reply to Defendant's Reply in Support of Motion to Dismiss [Dkt. 46].

Count V:　　　Quantum Meruit

　　　　Count VI:　　Unjust Enrichment

　　　　Count VII:　　Unpaid Wages Under the Massachusetts Wage Act,
　　　　　　　　　　　M.G.L. ch. 149, §§ 148 et seq.

After careful consideration of the parties' briefs and oral argument at a hearing conducted on June 3, 2015, and for reasons stated more fully on the record at the hearing, the motion to dismiss is GRANTED as to Counts IV and VII on statute of limitations grounds, and is otherwise DENIED. As to Counts IV and VII, the Court concludes that Wilkes failed to file suit within the three-year limitations period that applies to claims of fraud[2] and claims under the Massachusetts Wage Act.[3] This limitations period is subject to a discovery rule, which the First Circuit has explained as follows:

> The limitations period begins to run when a plaintiff discovers, or any earlier date when she should reasonably have discovered, that she has been harmed or may have been harmed by the defendant's conduct. The so-called "discovery rule" provides that the limitations period is tolled until events occur or facts surface which would cause a reasonably prudent person to become aware that she or he had been harmed. A plaintiff is considered to be on "inquiry notice" when the first event occurs that would prompt a reasonable person to inquire into a possible injury at the hands of the defendant.

Epstein v. C.R. Bard, Inc., 460 F.3d 183, 187 (1st Cir. 2006) (internal citations and quotation marks omitted).

Wilkes alleges in her amended complaint that Lake promised to pay her fees once he "got his money from Westar"—in other words, once he received certain funds that he claimed were

---

[2] Under Massachusetts law, fraud claims, like other tort claims, must be filed "only within three years next after the cause of action accrues." G.L. c. 260, § 2A.

[3] A plaintiff alleging violations under the Massachusetts Wage Act must first file a complaint with the Massachusetts Attorney General and then bring suit within three years of the alleged violation. G.L. c. 149, § 150; Stanton v. Lighthouse Fin. Servs., Inc., 621 F. Supp. 2d 5, 17 (D. Mass. 2009). Because Count VII is dismissed on statute of limitations grounds, the Court does not reach the question of whether the Massachusetts Wage Act applies to the circumstances alleged in the amended complaint.

owed to him by his former employer. [See, e.g., Dkt. 27, ¶ 26.] Wilkes further alleges that "[s]ome time in May 2011, the Plaintiff came across a news bulletin on her computer stating that the Defendant has settled his arbitration case with Westar for $26,300,000 . . . ." [Id. ¶ 81(a).] On May 19, 2011, Wilkes emailed Lake to inquire about her compensation, and Lake never responded. [Id. ¶ 87.] Thereafter, Wilkes waited for well more than three years—until November 4, 2014—to file her original complaint against Lake.

The Court concludes that learning of her brother's $26 million dollar settlement in May 2011 sufficed to put Wilkes on "inquiry notice" because this knowledge would have prompted a reasonably prudent person to inquire further. Epstein, 460 F.3d at 187. Wilkes takes the position that her claim did not accrue in May 2011 because although she learned of her brother's settlement then, she never received confirmation that the settlement amount had actually been paid to him (in part, because he did not respond to her email of May 19, 2011). See, e.g., Dkt. 37, at 23 ("Only the Defendant knows at *what moment* he 'got his money from Westar' . . . and thus when compensation pursuant to our employment contract became due and payable to me. When that moment *ripened into a cause of action* against the Defendant is another question, about which I still have no knowledge.") (emphasis in original). The Court is not persuaded by this argument. By Wilkes's logic, she could sue her brother at any time—even 25 or 50 years after the settlement with his former employer—as long as she has not received confirmation of the settlement payment in the intervening years. In effect, there would be no statute of limitations under this view, an outcome that the Court does not accept. A reasonable plaintiff in Wilkes' position would have filed suit within three years of learning of the settlement, and by failing to do so, Wilkes is precluded by the statute of limitations from pursuing her fraud and Massachusetts Wage Act claims against Lake.

The remaining claims all relate in some fashion to the contention that Lake breached an oral agreement (that was eventually reduced to writing) by failing to pay legal and other fees to Wilkes. Although the parties dispute the existence of a contract (and also the terms thereof), the Court concludes that Wilkes has stated plausible claims for relief in Count I (Breach of Contract), Count II (Breach of the Covenant of Good Faith and Fair Dealing), Count III (Promissory Estoppel), Count V (Quantum Meruit),[4] and Count VI (Unjust Enrichment), and that she is entitled to discovery on these claims.

For the reasons stated above, as well as the reasons stated on the record at the hearing conducted on June 3, 2015, Lake's motion to dismiss [Dkt. 33] is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to Counts IV and VII, and these counts are dismissed on statute of limitations grounds. The motion is DENIED as to Counts I, II, III, V, and VI.

**SO ORDERED.**

Dated: June 3, 2015                              /s/ Allison D. Burroughs
                                                 ALLISON D. BURROUGHS
                                                 U.S. DISTRICT JUDGE

---

[4] Lake argues that the quantum meruit claim should be dismissed because quantum meruit is a theory of recovery, and not a cause of action. However, as this Court has recognized, quantum meruit has at least two meanings under Massachusetts law. In addition to the meaning advanced by Defendant, "the term quantum meruit is also used to denote a specific basis for recovery," the elements of which are: "(1) the plaintiff conferred a reasonable benefit upon the defendants; (2) defendant[] accepted the services with the reasonable expectation of compensating the plaintiff; and (3) the plaintiff provided the services with the reasonable expectation of receiving compensation." Depianti v. Jan-Pro Franchising Int'l, Inc., 39 F. Supp. 3d 112, 141 (D. Mass. 2014) (quoting Backman v. Smirnov, 751 F. Supp. 2d 304, 314 (D. Mass. 2010)). Thus, the Court declines to dismiss Count V of the amended complaint on this basis.